UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEONARD C. HOWARD                                                                              PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:14cv307-DPJ-FKB

JOE BATTLE, DIRECTOR OF VA, et al.                                                  DEFENDANTS

ORDER

This dispute over veterans' benefits, brought under the Federal Torts Claims Act (FTCA), is before the Court on a motion [10] to dismiss for lack of subject-matter jurisdiction. *Pro se* Plaintiff Leonard C. Howard opposes the motion [12]. Upon considering the parties' submissions and applicable authority, the Court finds Defendant's motion to dismiss should be granted.

I.      Overview

Howard claims that after undergoing surgery on March 17, 2014, at the G.V. (Sonny) Montgomery Medical Center, the U.S. Department of Veterans Affairs denied him follow-up treatment for physical therapy. Howard sued various defendants on April 14, 2014, without first filing an administrative claim. Thereafter, the United States Magistrate Judge granted a motion to substitute the United States of America as the proper defendant, and the Government now seeks dismissal because Howard's failure to exhaust administrative remedies forecloses subject-matter jurisdiction.

II.     Standard

The party asserting subject-matter jurisdiction bears the burden of proof. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). "A Rule 12(b)(1) motion should be granted only 'if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter

jurisdiction.'" *Id*. (citation omitted).  In ruling on a Rule 12(b)(1) motion, "the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts." *Id.* at 649–50 (citing *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)).

III.    Analysis

Under the FTCA, a claimant may not bring an action against the United States "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  This exhaustion requirement is a jurisdictional prerequisite, and the failure to properly present one's claim deprives the court of subject-matter jurisdiction over the action.  *Cook v. United States ex rel. U.S. Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992).  A claim is properly presented for jurisdictional purposes "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim."  *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980) (citations omitted).

The Government has submitted record evidence establishing that Howard filed suit before filing an administrative claim.  And though Howard objects to the motion, he seems to miss the Government's point.  Without addressing whether he has exhausted his administrative remedies, Howard responds by arguing that the Government violated his Fourteenth Amendment rights.

Simply put, Howard must bring and exhaust an administrative claim before the proper federal agency before filing suit in federal court.  *See Sun v. United States*, 20 F.3d 1169, 1994 WL 144643, at *3 (5th Cir. 1994) ("Failure to exhaust is a jurisdictional bar to FTCA claims."). There is no indication he has, so his claim will be dismissed.

IV.     Conclusion

Howard failed to file and exhaust a claim before the appropriate federal agency before he filed suit. The Court therefore lacks subject-matter jurisdiction and the case is dismissed. Dismissal is without prejudice to Howard's right to refile his suit if he can exhaust his remedies before the appropriate federal agency.

**SO ORDERED AND ADJUDGED** this the 20th day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE